IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. GAWLAS,<br>    **Plaintiff**,<br><br>    v<br>**CHRISTOPHER W. KING** *in his official and individual capacity*, **JAMES A. WEBER** *in his official and individual capacity*, **J. SCOTT ALBRECHT** *in his official and individual capacity*, **JANICE R. CMAR** *in her official and individual capacity*, **VICKIE IELASE** *in her official and individual capacity*, **TRACEY P. KHALIL** *in his official and individual capacity*, **MARY K. REYNOLDS** *in her official and individual capacity*, **JACK MAPLE** *in his official and individual capacity* and **THE BOROUGH OF JEFFERSON HILLS**<br>    **Defendants**. | )<br>)<br>)<br>) **2:11-cv-742**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 16), with brief in support. Plaintiff filed a response and brief in opposition to the motion (Document No. 20). Attached to Plaintiff's response were Declarations from John C. Gawlas and Michael D'Alessandro (Document No. 20, exhibits A and B), by which Plaintiff's counsel is attempting to present additional factual allegations to the Court. Defendants filed a Reply Brief and the motion is now ripe for disposition.

<u>Discussion</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a <u>*complaint*</u>. The Court must accept as true all well-pleaded facts and allegations set forth <u>*in that pleading*</u>, and must draw all reasonable inferences therefrom in favor of the plaintiff. As

Defendants correctly point out, in deciding a motion to dismiss, courts are limited to consideration of the allegations in the complaint, exhibits attached thereto and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). *See also* Fed. R. Civ. P. 12(d). The filing of the Declarations constitutes at least a tacit admission that Plaintiff does not intend to stand on the original complaint as filed. It was procedurally improper for Plaintiff's counsel to submit the Declarations in response to the motion to dismiss and they will not be considered in ruling on the pending motion. Instead, Plaintiff's counsel should have sought leave pursuant to Fed. R. Civ. P. 15 to file an amended complaint. This would have rendered the pending motion to dismiss moot.

The Court notes that if a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id. But see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007) (in non-civil rights cases, Plaintiff must seek leave to amend and submit draft amended complaint). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of its intent to stand on the complaint as filed.

In the current procedural posture of this case, ruling on the pending motion – which tests the legal sufficiency of the original complaint -- would not be consistent with the Court's mandate in Fed. R. Civ. P. 1 to ensure the just, speedy and inexpensive determination of this action. It is clear that Plaintiff does not intend to stand upon the original complaint, as filed. Pursuant to Fed. R. Civ. P. 15(a), leave to amend a complaint, once, should be freely granted as a

matter of course. This is a civil rights case in which leave to amend must ordinarily be permitted. The Court is aware that Defendants oppose leave to amend on the grounds of futility. However, the Court concludes that the most prudent course of action is to permit Plaintiff to file an amended complaint which contains all of the factual allegations he intends to present, and then to provide Defendants with an opportunity to respond to Plaintiff's more thoroughly-articulated position. Accordingly, DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) will be **GRANTED** without prejudice to Plaintiff's ability to file an amended complaint.

Defendants have raised numerous legal challenges to the claims asserted in this case. If Plaintiff chooses to file an amended complaint, it will be important to address all of these alleged shortcomings to assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth and explained in *Twombly*, *Fowler* and *Phillips*, as a further opportunity to amend is unlikely to be granted.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN C. GAWLAS,**<br>            **Plaintiff,**<br><br>           v<br>**CHRISTOPHER W. KING** *in his official and individual capacity*, **JAMES A. WEBER** *in his official and individual capacity*, **J. SCOTT ALBRECHT** *in his official and individual capacity,* **JANICE R. CMAR** *in her official and individual capacity,* **VICKIE IELASE** *in her official and individual capacity*, **TRACEY P. KHALIL** *in his official and individual capacity,* **MARY K. REYNOLDS** *in her official and individual capacity,* **JACK MAPLE** *in his official and individual capacity* and **THE BOROUGH OF JEFFERSON HILLS**<br>            **Defendants.** | )<br>)<br>)<br>)  **2:11-cv-742**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 27th day of September, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 16) is **GRANTED** without prejudice to Plaintiff's right to file an amended complaint.

Plaintiff may file an amended complaint on or before October 11, 2011 or he may elect to stand on his original complaint as filed.

                                        BY THE COURT:

                                        s/Terrence F. McVerry
                                        United States District Judge

cc:     **Fred C. Jug , Jr., Esquire**
        Email: fredjug@covad.net
        **Philip J. Sbrolla, Esquire**
        Email: psbrolla@c-wlaw.com