IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. GAWLAS,<br>   Plaintiff,<br><br>   v<br>CHRISTOPHER W. KING *in his official and individual capacity*, **JAMES A. WEBER** *in his official and individual capacity*, **J. SCOTT ALBRECHT** *in his official and individual capacity*, **JANICE R. CMAR** *in her official and individual capacity*, **VICKIE IELASE** *in her official and individual capacity*, **TRACEY P. KHALIL** *in his official and individual capacity*, **MARY K. REYNOLDS** *in her official and individual capacity*, **JACK MAPLE** *in his official and individual capacity* and **THE BOROUGH OF JEFFERSON HILLS**<br>   Defendants. | 2:11-cv-742 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 25), with brief in support.  Plaintiff John Gawlas ("Gawlas") filed a response and brief in opposition to the motion; Defendants filed a reply brief; Gawlas filed a sur-reply brief; and the motion is now ripe for disposition.

Factual and Procedural History

In its Memorandum Opinion and Order of September 27, 2011, the Court granted Defendants' motion to dismiss the original Complaint, but permitted Gawlas leave to amend.  On October 11, 2011 Gawlas filed an Amended Complaint.  Defendants have renewed their motion to dismiss the Amended Complaint in its entirety for failure to state a valid claim.

Although the Amended Complaint is thirty-one pages in length, the relevant and operative facts pled are rather straight-forward.  At all relevant times, Gawlas was (and still is)

employed as a police officer by the Borough of Jefferson Hills, Pennsylvania (the "Borough"). Named as Defendants are the Borough, certain members of Borough Council, and the Chief of Police.

Gawlas served as a K-9 officer for approximately fifteen years. On December 13, 2010 the Borough Council unanimously adopted a 2011 budget which eliminated the K-9 program in the borough. Plaintiff alleges that Defendants made this decision in retaliation for his (unspecified) "union activity and/or political affiliations" with other Borough officials.[1] Amended Complaint ¶ 9. Plaintiff further contends that he was not notified prior to the budget vote, nor given a hearing or opportunity to comment. Gawlas claims that the K-9 program could have been funded through other sources.

Gawlas further alleges that he was subjected to a financial audit (the "CSI investigation") after the program was eliminated and that the resulting report was made public. The Amended Complaint cites to an April 28, 2011 article in the Pittsburgh Post-Gazette, which suggested that Gawlas had earned more than $224,000 in compensatory time over the past eight years as the department's K-9 officer. The audit report allegedly referred to Gawlas as an "opportunist who exploited the collective bargaining agreement and his role as a K-9 handler to maximize his personal income." Amended Complaint ¶ 71. Plaintiff contends that, as a result, he "was deprived of a liberty interest and suffered a stigma to his reputation." Amended Complaint ¶ 90. Gawlas asserts claims for (1) First Amendment Retaliation; (2) violation of his right to Procedural Due Process; and (3) "Due Process – Liberty Interest."

---

[1] Although the Amended Complaint frequently refers to the "above-referenced political affiliations and/or union activities," no actual facts about the affiliations and/or activities were pled.

Standard of Review

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555(207)(citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id.* at 210–211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal*, 129 S.Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 210 (quoting *Iqbal*, 129 S.Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and the requirements of Fed.R.Civ.P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008)(internal citations omitted). Fed.R.Civ.P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n. 3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed.R.Civ.P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips*, 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

Discussion

Defendants seek dismissal of the Amended Complaint in its entirety. Defendants contend that the First Amendment Retaliation claim must fail because: (1) Gawlas has failed to plead any

4

facts regarding his alleged protected activity; and (2) as a Borough employee, Gawlas' alleged speech is not protected under the standard set forth in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). Defendants contend that the "procedural due process" claim fails as a matter of law because: (1) Gawlas has not pleaded a protected property interest; and (2) the passage of a budget is a legislative action for which Defendants have absolute legislative immunity. Finally, Defendants contend that Gawlas has fallen "woefully short" of stating a violation of any liberty interest due to alleged stigmatizing comments, as he has not been terminated from his position. *See Hill v. Borough of Kutztown*, 455 F.3d 236, 238 (3d Cir. 2006) (articulating "stigma-plus" test). The Court will address these contentions seriatim.

1. First Amendment Retaliation Claim

To state a First Amendment retaliation claim, a plaintiff must allege: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action. *Hill*, 455 F.3d at 241. In *Garcetti*, the United States Supreme Court explained that when a citizen enters government service, he or she must accept certain limitations on his or her freedom because government employers, like private employers, need a significant degree of control over the words and actions of their employees in order to efficiently provide public services. 547 U.S. at 418-19. While public employees are empowered to speak on matters of public concern, they are not permitted to "constitutionalize every grievance." *Id*. at 420.

Whether an employee's speech is protected by the First Amendment is a question of law for the Court to decide. *Miller v. Clinton County*, 544 F.3d 542, 548 (3d Cir. 2008). "To be protected, the speech must implicate a matter of public concern and must outweigh the

5

employer's interest in the effective operations of its public services. Speech implicates a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social, or other concern to the community." *Id*.

As a threshold matter, the Amended Complaint does not aver any actual facts regarding protected activity by Gawlas. It merely refers vaguely and conclusorily to certain political affiliations and to his position as union steward. *See* Amended Complaint ¶ 9 (all of the Defendants conspired to retaliate against Gawlas for "union activity and/or political affiliations.") As best the Court can decipher, Police Chief Maple is allegedly a political ally of Commissioner Christopher King and King's mother, who is an employee in the police department. Gawlas speculates that the current members of council retaliated against him because he had received support from various former members of council. However, Gawlas' relationship with these persons is unpled. Gawlas also alleges that he supported Michael D'Allessandro to be police chief after Chief Maple's first term, although details regarding Gawlas' actual conduct, the timing of this event, and the connection to the alleged retaliation are absent.

The only substantive view of Gawlas that can be gleaned from the Amended Complaint is that he opposed the elimination of the K-9 program. Gawlas expressed this opposition only <u>after</u> the K-9 program was eliminated. The gravamen of Plaintiff's theory is that the K-9 program was eliminated without prior notice to him and constituted the <u>retaliation</u> (presumably for the earlier, unspecified, union activity and/or political affiliations). Thus, this "speech" cannot support his First Amendment Retaliation claim.[2] In short, the Amended Complaint fails to plead any facts regarding "protected activity."

---

[2] Even assuming, arguendo, that the K-9 comments were construed to be the protected speech, Plaintiff's claim would still be without merit. Gawlas has affirmatively pled that his comments about the elimination of his job

6

Moreover, the Amended Complaint entirely fails to plead how any protected activity was a "substantial factor" in the alleged retaliatory action. To establish the requisite causal link, "a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). "A court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed against him, particularly in his individual capacity, could be chilled from taking action that he deemed appropriate and, in fact, was appropriate." *Id*. The Amended Complaint is silent with respect to the timing of any protected activity, such that the Court is unable to determine whether there was temporal proximity with the alleged retaliatory action. As noted above, Gawlas' opposition to elimination of the K-9 program occurred <u>after</u> it was eliminated. That Gawlas supported D'Allessandro to succeed Chief Maple after Maple's <u>first</u> term cannot provide the causal link.[3] Despite Gawlas' support for D'Allessandro, Chief Maple was instead succeeded by Chief Reagan, who "appropriately appreciated and promoted" Gawlas, Amended Complaint ¶ 14. The elimination of the K-9 program did not occur until Chief Reagan's tenure had expired and Chief Maple had been re-appointed to a <u>second</u> term. The Amended Complaint also fails to plead facts regarding a pattern of antagonism, combined with timing, to support a plausible causation theory. The Amended Complaint attempts to plead a pattern by alleging that Gawlas was disciplined for sitting in a police vehicle with another officer; that his work schedule was changed by Chief

---

duties under the K-9 program were made pursuant to his official duties, rather than as a citizen. *See* Amended Complaint ¶ 75 ("any comments concerning his K-9 duties were made during the performance of his duties.") In *Garcetti*, 547 U.S. at 421, the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."

[3] The lawsuit filed by D'Allessandro, and his opinions and beliefs, are entirely irrelevant. The sole question before the Court is whether the Amended Complaint in <u>this</u> case contains sufficient factual allegations to render any of the claims pled by <u>Gawlas</u> plausible.

7

Maple; that the K-9 program was eliminated while Gawlas was scheduled to undergo surgery; and that he was denied payment for 120 hours of compensatory time at the time of his daughter's wedding. The Court is unable to discern a causal link to First Amendment protected activity in any of these grievances. In sum, Count I fails to state a valid claim and will be dismissed.

2. Procedural Due Process Claim

To state a viable claim for deprivation of procedural due process, a plaintiff must allege that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) the procedures available did not provide due process of law. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Procedural due process does not protect every benefit; rather, to have a property interest in a benefit, a person must clearly have more than an abstract need or desire and more than a unilateral expectation of receiving the benefit. *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756 (2005). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property.'" *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). Only then should a court consider whether the state's procedures comport with due process. *Id*. In constitutional parlance, the claimant must have a legitimate claim of an "entitlement." *Id.* Entitlements, however, are not established by the Constitution; rather, they are created and defined by existing rules or understandings that stem from an independent source, such as state law. *Id.*; *see also*, *Unger v. National Residents Matching Program*, 928 F.2d 1392, 1397 (3d Cir. 1991). A claimant must show an entitlement to a property interest created by a state statute or regulation or arising from government policy or a mutually explicit understanding. *Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir.1993); *see Baraka v.*

*McGreevey*, 481 F.3d 187, 206 (3d Cir. 2007); *Rogers v. Bucks County Domestic Relations Section*, 959 F.2d 1268, 1274 (3d Cir. 1992). In essence, Gawlas contends that he "has a property right in his employment as a K-9 officer," Amended Complaint ¶ 88, and therefore, was entitled to prior notice and an opportunity to be heard regarding the Borough council's adoption of the 2011 budget.

Plaintiff's procedural due process claim must fail because he does not have a protectable interest in the continuation of the K-9 program. Gawlas is still employed as a police officer by the Borough, and at most, has lost an opportunity to earn overtime pay. In *Skrutski v. Marut*, 288 Fed. Appx. 803, 808 (3d Cir. 2008) (unpublished), the Court of Appeals for the Third Circuit rejected a similar claim of entitlement to overtime pay by a law enforcement officer. The Court cited with approval *Rolon v. Henneman*, 517 F.3d 140, 148 (2d Cir. 2008), for the proposition that "loss of overtime does not constitute [a] protected property interest even in [the] procedural due process context." It also quoted *Brown v. Brienen*, 722 F.2d 360, 365 (7th Cir. 1983): "Disputes over overtime ... do not implicate the great objects of the Fourteenth Amendment." As a practical matter, local governments must be able to reduce their budgets without undue fear of running afoul of the Constitution. *See, e.g., DeFlaminis*, 480 F.3d at 267-68 (recognizing need to protect public decision-makers from unjustified litigation).

In addition, the individual Defendants are entitled to absolute legislative immunity. Members of local legislative bodies are entitled to claim such immunity. *Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994). The Court has established a two-part test to determine whether municipal actions are to be regarded as legislative for immunity purposes: "(1) the action must be "substantively" legislative, which requires that it involve a policy-making or line-drawing decision; and (2) the action must be "procedurally" legislative, which requires that it be

undertaken through established legislative procedures." *Id.*[4] In this case, the challenged action is Council's passage of an annual budget, which is substantively legislative in nature because it embodies a multitude of policy-making and line-drawing decisions regarding the best use of Borough resources. The action was procedurally legislative as well, as the Amended Complaint acknowledges that the adoption of the 2011 budget occurred by vote of the Borough Council at a public meeting on December 13, 2010. The Amended Complaint does not plead any retaliatory conduct by the council members other than the budget vote. *See Carver v. Foerster*, 102 F.3d 96, 100 (3d Cir. 1996) (assuming that legislative immunity attaches to a budget vote to eliminate positions, but not to underlying retaliation). The action of council was well within the sphere of legitimate legislative activity. Accordingly, the Court has no difficulty in concluding that the individual council members are entitled to legislative immunity.[5] In sum, Count II fails to state a valid procedural due process claim and will be dismissed.

3. Liberty Interest Claim

Although somewhat unclear, Gawlas appears to be alleging a right to be free from an investigation into the use of Borough funds on the K-9 program and/or a right not to be criticized in a newspaper article. Gawlas does not plead any specific false statements, but alleges that he "suffered a stigma to his reputation" because Defendants' comments "created and disseminated a false and defamatory impression" of his connection to the elimination of the K-9 program.

---

[4] As discussed in *Baraka v. McGreevey*, 481 F.3d 187, 198 & n. 8 (3d Cir. 2007), this test may not be essential, but rather, may serve as a useful means of determining whether the actions are "in the sphere of legitimate legislative activity."
[5] In *Langford v. City of Atlantic City,* 235 F.3d 845, 850 (3d Cir. 2000), the Court of Appeals recognized a retaliation claim against a <u>municipality</u> for adoption of a budget in which the plaintiffs' job was entirely eliminated. Because Gawlas is still employed as a police officer by the Borough, *Langford* is materially distinguishable. *Ragan v. Fuentes*, 2007 WL 2892948 (D.N.J. 2007), is also distinguishable because the ordinance at issue eliminated the plaintiff's job as chief of police and divested his control over the department. In any event, the Mayor was entitled to legislative immunity for introducing an ordinance to eliminate the position. *Id*. at * 8.

Amended Complaint ¶ 90. He further pleads that he suffered a direct financial loss due to the elimination of the K-9 program.

The Court of Appeals for the Third Circuit has adopted the "stigma-plus" test for analyzing alleged deprivations of a liberty interest. As explained in *Hill*:

> [R]eputation alone is not an interest protected by the Due Process Clause. Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest.

455 F.3d at 236 (citations omitted). Typically, the "plus" factor requires the termination of the plaintiff's employment. *Id*. Gawlas argues that loss of overtime pay, or any other "adverse employment action" as defined in Title VII case law, may satisfy the "plus" element. The Court cannot agree. The loss of an opportunity to earn overtime pay does not damage one's liberty interest in a good reputation in the same way as being fired. *See Skrutski*, 288 Fed. Appx. at 808, and cases cited therein (rejecting due process claims premised on loss of overtime pay); *See also Kohn v. Harrisburg School Dist.*, 2011 WL 4402121 * 7 (M.D. Pa. 2011) (and cases cited therein) (no liberty interest implicated by allegations of malfeasance, improper, inadequate or incompetent job performance). Gawlas remains employed as a police officer by the Borough. The alleged stigmatizing statements, taken at face value, indicate opportunism rather than criminal behavior by Gawlas. Accordingly, he cannot satisfy the "stigma-plus" test and Count III will be dismissed.

Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103

11

(3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id. But see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007) (in non-civil rights cases, Plaintiff must seek leave to amend and submit draft amended complaint).

Defendants reiterate their prior objection that amendment would be futile. In providing Gawlas with an opportunity to file an amended complaint in this matter, the Court cautioned: "If Plaintiff chooses to file an amended complaint, it will be important to address all of these alleged shortcomings to assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth and explained in *Twombly*, *Fowler* and *Phillips*, as a further opportunity to amend is unlikely to be granted." As explained above, Plaintiff has again failed to state a valid claim. A third bite at the apple is certainly not warranted.

Accordingly, DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) will be **GRANTED** with prejudice and the case will be closed.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. GAWLAS,<br>　　　　　Plaintiff,<br><br>　　　　　v<br>CHRISTOPHER W. KING *in his official and individual capacity*, JAMES A. WEBER *in his official and individual capacity*, J. SCOTT ALBRECHT *in his official and individual capacity*, JANICE R. CMAR *in her official and individual capacity*, VICKIE IELASE *in her official and individual capacity*, TRACEY P. KHALIL *in his official and individual capacity*, MARY K. REYNOLDS *in her official and individual capacity*, JACK MAPLE *in his official and individual capacity* and **THE BOROUGH OF JEFFERSON HILLS**<br>　　　　　Defendants. | 2:11-cv-742 |

## ORDER OF COURT

AND NOW, this 20th day of January 2012, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 25) is **GRANTED.** The Amended Complaint is **DISMISSED WITH PREJUDICE** and the clerk shall docket the case closed.

　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Terrence F. McVerry
　　　　　　　　　　　　　　　　　　　　United States District Judge

cc:　**Fred C. Jug , Jr., Esquire**
　　　Email: fredjug@covad.net
　　　**Philip J. Sbrolla, Esquire**
　　　Email: psbrolla@c-wlaw.com