IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. GAWLAS,<br>         Plaintiff,<br><br>         v<br>CHRISTOPHER W. KING *in his official and individual capacity*, JAMES A. WEBER *in his official and individual capacity*, J. SCOTT ALBRECHT *in his official and individual capacity*, JANICE R. CMAR *in her official and individual capacity*, VICKIE IELASE *in her official and individual capacity*, TRACEY P. KHALIL *in his official and individual capacity*, MARY K. REYNOLDS *in her official and individual capacity*, JACK MAPLE *in his official and individual capacity* and THE BOROUGH OF JEFFERSON HILLS<br>         Defendants. | 2:11-cv-742 |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR RECONSIDERATION FILED ON BEHALF OF THE PLAINTIFF (Document No. 32). Defendants filed a response in opposition to the motion and it is ripe for disposition.

This case involved constitutional claims brought by a municipal employee. Gawlas was (and still is) employed as a police officer by the Borough of Jefferson Hills, Pennsylvania (the "Borough"). He had been the K-9 officer. On December 13, 2010 the Borough Council unanimously adopted a 2011 budget which eliminated funding of the K-9 program in the borough. Gawlas remains employed as a police officer in the Borough. Plaintiff alleges that Defendants made this decision in retaliation for his (unspecified) "union activity and/or political affiliations" and failed to give him notice and an opportunity to be heard prior to the budget vote. Gawlas further alleges that he was subjected to a financial audit (the "CSI investigation") after the K-9 program was eliminated and that the resulting report, which portrayed him in an unflattering light, was made public.

On September 27, 2011, the Court granted Defendants' motion to dismiss the original Complaint but permitted Gawlas an opportunity to file an amended complaint. However, the

1

Court cautioned: "If Plaintiff chooses to file an amended complaint, it will be important to address all of these alleged shortcomings to assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth and explained in *Twombly*, *Fowler* and *Phillips*, as a further opportunity to amend is unlikely to be granted."

Gawlas filed an Amended Complaint which asserted claims for (1) First Amendment Retaliation; (2) violation of his right to Procedural Due Process; and (3) "Due Process – Liberty Interest." Defendants renewed their motion to dismiss. On January 20, 2012, in a lengthy Memorandum Opinion and Order (the "January 20th Opinion") the Court granted Defendants' motion and dismissed the Amended Complaint with prejudice.

Rather than pursuing a direct appeal, Gawlas now seeks reconsideration of the January 20th Opinion. It is well-established that a party must overcome a high hurdle to succeed in such a motion. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" (or, in this case, a "third bite") or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Gawlas has not met this standard. He points to no change in controlling law.[1] Primarily, Plaintiff's counsel merely rehashes arguments this Court has already rejected. As to the First Amendment Retaliation claim, it is not sufficient to identify alleged allies/opponents or to state that Gawlas held a position as union steward. The Complaint must plead the actual "protected activity" in which Gawlas engaged. It fails to do so. In addition, the Amended Complaint failed to plead the required causal link between any alleged activity and Defendants' actions.[2] As to the Procedural Due Process claim, Gawlas reiterates his legal argument based on *Carver v. Foerster*, 102 F.3d 96 (3d Cir. 1996), which the Court discussed in its January 20th Opinion. No further discussion is warranted.[3] As to the Liberty Interest claim, Gawlas re-argues that loss of overtime pay, or any other "adverse employment action" as defined in Title VII case law, may satisfy the "stigma plus" test. The Court previously explained why this position is without merit.

In accordance with the foregoing, the MOTION FOR RECONSIDERATION FILED ON BEHALF OF THE PLAINTIFF (Document No. 32) is **DENIED**.

SO ORDERED this 14th day of February, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

---

[1] The only "new evidence" is an update on an incident which was described in ¶ 50 of the Amended Complaint and a claim that Gawlas did not receive vacation pay in January 2012, which is not plausibly tied to a 2010 budget vote.

[2] Gawlas contends that he pled retaliation due to filing a Workers Compensation claim in Amended Complaint ¶ 19. That paragraph, though, merely states that Gawlas was "scheduled for surgery for a work-related injury" at the time the budget vote was taken. There is no allegation that Defendants opposed the surgery, that Gawlas ever filed a Workers Compensation claim, or that the alleged retaliation was provoked by such a claim. To the contrary, ¶ 19 pled that Defendants' actions were "due to Plaintiff's political affiliation and/or role with the union." *See also* Motion for Reconsideration ¶ 57 (same). The Court did not ignore Gawlas' surgery, but instead, specifically found a lack of causal connection to the alleged retaliation.

[3] Gawlas did not assert a separate claim for an alleged violation of the Borough Code of Pennsylvania. Nothing in this Court's opinions is intended to restrict Plaintiff's ability to pursue other claims in the state courts.

cc: **Fred C. Jug , Jr., Esquire**
Email: fredjug@covad.net
**Philip J. Sbrolla, Esquire**
Email: psbrolla@c-wlaw.com